

**NUMBER 13-18-00648-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN THE INTEREST OF J.P. AND A.P., CHILDREN

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Longoria
Order Per Curiam**

This cause is before the Court on appellant Alana Etheridge's "Rule 145(g) Motion Challenging the Trial Court's Interim Orders Requiring Appellant to Pay Costs." *See* TEX. R. CIV. P. 145(g). Appellant contests the provisions in the trial court's April 25, 2019 orders requiring her to pay certain costs for a court-appointed amicus attorney and therapist. Appellant notes that she filed an affidavit of indigency in the trial court and that the trial court heard evidence on appellant's ability to pay costs at a hearing on April 23, 2019. Among other things, appellant complains that, despite ordering appellant to bear

certain costs, the trial court made no "detailed findings" to support that ruling. Appellee Derek Payne has filed a response to the motion.

A party who files a statement of inability to afford payment of court costs cannot be required to pay costs except as provided by Texas Rule of Civil Procedure 145. *See* TEX. R. CIV. P. 145. Whenever evidence comes before the court that an indigent party may be able to afford costs, or when an officer or professional must be appointed in the case, the court may require the party to prove the inability to afford costs. TEX. R. CIV. P. 145(f)(4). An order requiring an indigent party to pay costs must be supported by detailed findings that the party can afford to pay costs. TEX. R. CIV. P. 145(f)(6).

In this case, the trial court's April 25, 2019 orders did not contain "detailed findings" supporting the assessment of costs against appellant. *See id.* Moreover, the reporter's record of the April 23, 2019 hearing contains no such findings. Without such findings, we cannot adequately review the merits of the trial court's ruling.

Therefore, we hereby ABATE the appeal and REMAND the cause to the trial court for entry of written "detailed findings" that appellant can afford to pay costs, pursuant to Texas Rule of Civil Procedure 145(f)(6). *See id.*; *see also In Interest of N.V.R.*, No. 06-17-00022-CV, 2017 WL 727261, at \*3 (Tex. App.—Texarkana Feb. 24, 2017, no pet.) (mem. op.) (reversing order assessing costs against indigent party in part because "the trial court's order was unsupported by findings required by Rule 145"); *Vodicka v. Tobolowsky*, No. 05-17-00961-CV, 2017 WL 5150992, at \*1 (Tex. App.—Dallas Nov. 7, 2017, no pet.) (mem. op.) (explaining that the appeal was abated for entry of written findings under Rule 145(f)(6)). The "detailed findings" shall be included in a supplemental clerk's record and must be filed with the clerk of this Court on or before thirty (30) days

2

from the date of this order.  The appeal will be reinstated upon filing of the supplemental record as set forth herein.  Appellant's Rule 145(g) motion will be carried with the case.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
6th day of June, 2019.